# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN DEERE COMPANY,

    Appellant,

        v.

EUGENE HAVERLAK and CAROL HAVERLAK,

    Appellees.

CIVIL ACTION NO. 3:09-CV-1139

(JUDGE CAPUTO)

## **MEMORANDUM**

This appeal from the Bankruptcy Court presents the question of whether the Consent Judgment ordered on March 10, 2006 constitutes a lien against all property of Debtors/Appellees or is limited to the property noted in Paragraph 7 of the Consent Judgment. The Bankruptcy Judge determined that the lien of the Consent Judgment was limited to the property in Paragraph 7 of the Consent Judgment. I agree, and will affirm the judgment of the Bankruptcy Court.

The Consent Judgment states "John Deere Company . . . shall have a judgment against MOUNTAINTOP LAWN & TRACTOR CORPORTATION (sic), EUGENE HAVERLAK AND CAROL HAVERLAK . . . in the amount of $75,000.00 . . . However, this consent judgment is granted and awarded under the following conditions and stipulations by and between the parties:

    7.    The Defendants hereby stipulate, covenant, and agree that John Deere Company shall have a valid lien against the commercial property referenced in paragraph six and the priority shall only be inferior, or subordinate, to the following:

> (A) Mortgage of American Business Credit, Inc. (note the assignment) from the relevant page of the mortgage foreclosure complaint filed in the Luzerne County Court of Common Pleas to No. 226 of 2006. It should also be noted that this particular mortgage on the business property located at 44-46 N. Mountain Blvd., Mountaintop, Pa 18707 also binds the Defendants' residence at 7 Roberts Dr, Mountaintop, Pa 18707."[1]

The Consent Judgment was entered in the office of the Prothonotary of Luzerne County to No. 4504 of 2006 on April 19, 2006. On May 29, 2007, Mr. and Mrs. Haverlak filed a Chapter 13 Bankruptcy in the Bankruptcy Court. They then filed an adversary proceeding against John Deere in the bankruptcy proceeding contending that the Consent Judgment is not a lien against all of their property but only against the property noted in Paragraph 7 of the Consent Judgment. As noted, the Bankruptcy Judge found in favor of the Haverlaks.

Appellant contends the Consent Judgment is a lien against all property of the Haverlaks and relies on the language of the Consent Judgment and 42 Pa. C.S.A. § 4303(a) which provides:

> **§ 4343. Effect of judgments and orders as liens**
>
> (a) Real property. – Any judgment or other order of a court of common pleas for the payment of money shall be a lien upon real property on the conditions, to the extent and with the priority provided by statute or prescribed by General Rule adopted pursuant to section 1722(b) (relating to enforcement and effect of orders and process) when it is entered of record in the office of the clerk of court of common pleas of the county where the real property is situated, or in the office of the clerk of the branch of the court of common pleas embracing such county.

Appellant contends that the Consent Judgment provides that John Deere shall have

---

[1] Paragraph 6 refers to the commercial property located at 44-46 N. Mountain Blvd., Mountaintop, PA.

2

a "judgment lien" against Appellees. (*See* page 2 of Appellant's Reply Brief.) The Consent Judgment does not say John Deere shall have a "judgment lien" but rather, that it shall have a "judgment" against Appellees. Moreover, the terms of the Consent Judgment provide that it is "granted and awarded under the following conditions and stipulations by and between the parties:" One of those conditions is Paragraph 7, which provides that the lien of the Consent Judgment is against the commercial property of Appellees located at 44-46 N. Mountain Blvd., Mountaintop, PA.

Consent judgments are "interpreted as contract(s), to which the rules of contract interpretation apply." *Harley-Davidson, Inc. v. Morris*, 19 F.3d 142, 148 (3d Cir. 1994). Further, a consent judgment "is merely an agreement between the parties, that is, a contract binding them to the settlement terms." *Lower Frederick Twp. v. Clemmer*, 543 A.2d at 510 *citing Dulles v. Dulles*, 369 Pa. 101 at 107. *See also, Universal Builders Supply, Inc. v. Shaler Highlands Corp.*, 175 A.2d 58 (Pa. 1961). As with any contract, the intent of the parties rules. *Compass Technology, Inc. v. Tseng Laboratories, Inc.*, 71 F.3d 1125, 1131 (3d Cir. 1995). The parties unambiguously limited the lien of the Consent Judgment to the particular commercial property noted in Paragraph 7 of the Consent Judgment.

Therefore, the lien of the Consent Judgment is limited, by its terms, to the property recited therein at Paragraph 7 of the Consent Judgment.

The Judgment of the Bankruptcy Court will be affirmed.

An appropriate Order follows.

Date: <u>November 12, 2009</u>     /s/ A. Richard Caputo
                                   A. Richard Caputo
                                   United States District Judge

3

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN DEERE COMPANY,<br><br>    Appellant,<br><br>    v.<br><br>EUGENE HAVERLAK and CAROL HAVERLAK,<br><br>    Appellees. | CIVIL ACTION NO. 3:09-CV-1139<br><br>(JUDGE CAPUTO) |

## **ORDER**

**NOW**, this 12th day of November, 2009, **IT IS HEREBY ORDERED** that the Order of the Honorable Robert N. Opel, II dated May 13, 2009 is **AFFIRMED.**

                                        /s/ A. Richard Caputo
                                        A. Richard Caputo
                                        United States District Judge